UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GROUP INDEPENDENT SALES ORGANIZATION, INC., | ) ) ) | SA CV 08-703 AHS (SHx) |
| Plaintiff, | ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: |
| v. | ) ) | DENIAL OF MOTION FOR PRELIMINARY INJUNCTION |
| GLOBAL ISO, LLC, et al., | ) ) | AGAINST DEFENDANTS GLOBAL ISO, LLC, DANIEL BRASOV, |
| Defendants. | ) ) | IRASEMA BRASOV, AND WENDY CARRILLO |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:**

**DENIAL OF MOTION FOR PRELIMINARY INJUNCTION**

**I.**

**FINDINGS OF FACT**

1.      On December 3, 2008, Plaintiff Group Independent Sales

Organization, Inc. ("Plaintiff") filed a Notice of Motion and

Motion for Preliminary Injunction and supporting Declaration of

Michael Segura.

2.      On December 15, 2008, Defendants Global ISO, LLC, Daniel

Brasov, Irasema Brasov, and Wendy Carrillo ("Defendants") filed

their Opposition to the Motion for Preliminary Injunction, Request

1   for Judicial Notice, Objections to Declaration of Michael Segura,

2   Declaration of Caroline Ann Molloy, Declaration of Wendy Carrillo

3   and Declaration of Daniel Brasov.

4   3.         On January 2, 2009, Plaintiff filed its Reply to

5   Defendants' Opposition to Motion for Preliminary Injunction,

6   Declarations of Joseph R. Manning, Jr. and Michael Segura in

7   Support of Plaintiff Group Independent Sales Organization, Inc.'s

8   Reply and Plaintiff Group Independent Sales Organization, Inc.'s

9   Objections to Declarations of Daniel Brasov and Wendy Carrillo.

10  4.         On January 7, 2009, Plaintiff filed [Proposed] Findings

11  of Fact and Conclusions of Law re:  Motion for Preliminary

12  Injunction against Defendants Global ISO, LLC, Daniel Brasov, and

13  Wendy Carrillo and a [Proposed] Order re:  Preliminary Injunction

14  against Defendants Global ISO, LLC, Daniel Brasov, and Wendy

15  Carrillo.  In its [Proposed] Order, Plaintiff requested the

16  following injunctive relief:

17          Global ISO, LLC, Daniel Brasov, Irasema Brasov,

18          and Wendy Carillo shall not use the "GLOBAL

19          ISO" name in merchant credit card processing

20          industry trade publications, and in association

21          with advertisements for the related company

22          American Bankcard Alliance, LLC, on, but not

23          limited to, the GLOBAL ISO website and its

24          associated network of websites during the

25          pendency of this action.

26  5.         On January 9, 2009, at 3:00 p.m., counsel for the parties

27  appeared before this Court for the hearing on Plaintiff's Motion

28  for Preliminary Injunction and Defendants' Request for Judicial

1   Notice. Joseph R. Manning, Jr., Esq. of the LAW OFFICES OF JOSEPH

2   R. MANNING, JR. appeared on behalf of Plaintiff.  Caroline Ann

3   Molloy, Esq. of CALLAHAN & BLAINE, APLC appeared on behalf of

4   Defendants.

5   6.      After reviewing the submitted papers and hearing argument

6   of counsel, the Court ruled that Plaintiff failed to show its

7   entitlement to a preliminary injunction based on the following

8   findings:

9           A.    Plaintiff's claims for infringement, unfair

10                competition, and unfair trade practices are all

11                based on the threshold question:  "Whether there is

12                confusion between Group and Global?"

13          B.    The evidence proffered to the Court does not show

14                there is confusion between Group and Global.

15          C.    The evidence proffered to the Court does not show

16                irreparable injury to Plaintiff.

17          D.    The harm Plaintiff claims to be concerned with is

18                speculative.  In the papers and argument, Plaintiff

19                only represented, "*if* these associations" or "*once*

20                these associations are made" or "*if* these things

21                happen," then Plaintiff would not *want to* suffer

22                harm.

23          E.    Plaintiff delayed in filing the Motion for

24                Preliminary Injunction from the alleged October 3,

25                2008 telephone call by Eric Nicholson of First Data

26                until the filing of the Motion on December 3, 2008.

27          F.    Neither of the parties were overly concerned about

28                the potentially offensive websites.  Only when Mr.

1        Segura received a telephone call from Eric Nicholson

2        about whether Group has something to do with the

3        websites, did Mr. Segura then decide to pay more

4        attention to it.  From the evidence presented, there

5        is no confusion demonstrated by Mr. Nicholson.

6                                **II.**

7                        <u>**CONCLUSIONS OF LAW**</u>

8    1.        A plaintiff seeking a preliminary injunction must

9    establish:

10            (a)   it is likely to succeed on the merits;

11            (b)   it is likely to suffer irreparable harm in the

12                  absence of preliminary relief:,

13            (c)   the balance of equities tips its favor; and

14            (d)   an injunction is in the public interest.

15   <u>Amoco Prod. Co. v. Vill. of Gambell, Alaska</u>, 480 U.S. 531, 542, 107

16   S. Ct. 1396, 1402, 94 L. Ed. 2d 542 (1987); <u>see also</u> <u>Winter v.</u>

17   <u>Natural Res. Def. Council, Inc.</u>, --- U.S. ---, 129 S. Ct. 365, 374

18   (2008).

19   2.        The burden rests with Plaintiff to meet these standards.

20   <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138

21   L. Ed. 2d 162 (1997); <u>see</u> <u>City of Angoon v. Marsh</u>, 749 F.2d 1413,

22   1415 (9th Cir. 1984).

23   3.        Plaintiff has not demonstrated a likelihood of success on

24   the merits on its claims.

25   4.        Plaintiff has not demonstrated it has suffered

26   irreparable injury.

27   5.        To prevail on a trademark infringement claim under the

28   Lanham Act, Plaintiff must show that:  (1) it has a valid and

1  protectable trademark; and (2) a likelihood of confusion.  <u>Applied</u>
2  <u>Info. Scis. Corp. v. eBay, Inc.</u>, 511 F.3d 966, 969 (9th Cir. 2007).
3  6.       Plaintiff has not demonstrated a likelihood of confusion
4  between Group and Global.
5  7.       Plaintiff has not made a sufficient showing to justify
6  the Court issuing an injunction.
7        DATED:  March 11, 2009.

8                              ALICEMARIE H. STOTLER
9                              _____
10                                 ALICEMARIE H. STOTLER
                                UNITED STATES DISTRICT JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28